JOSEPH PERLMUTTER and Others, Copartners Doing Business under the Firm Name and Style of PERLMUTTER FURNITURE COMPANY, Plaintiffs, *v.* FREDERICK STUART GREENE, as Superintendent of Public Works of the State of New York; JAMES S. BIXBY, as District Engineer of Bureau of Highways, and CHARLES O. CONGER, as Dutchess County Assistant Engineer, Defendants.

Supreme Court, Dutchess County, March 9, 1931.

*Edward A. Conger*, for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Borden H. Mills, Deputy Assistant Attorney-General*, of counsel], for the defendants.

BLEAKLEY, J. Plaintiffs seek to obtain a permanent injunction restraining the defendants from erecting a screen upon the property of the State of New York immediately south of the east approach of the Mid-Hudson bridge and in front of a piece of property of which the plaintiffs are the lessees.

The plaintiffs intended to erect on the leased property an advertising sign. The defendant has so erected its screen as to prevent motorists using the bridge from seeing the sign.

In the defendants' brief they maintain that the object of placing the screen in its present position is to prevent motorists from seeing the sign and thus afford no reason for their taking their eyes off the wheel.

I am satisfied that this position is an afterthought. The original motive was purely aesthetic.

The authorities relating to the erection of screens and fences upon private property cannot be construed as precedents in an issue between the public and a private owner.

I do not believe that the State has any right to build screens along its highway, thus shutting out the view of adjacent owners or the view of travelers upon the highway of adjacent property, unless the screens are erected in furtherance of a highway purpose. It cannot be claimed that the erection of this screen is a highway purpose within the act, unless the court should find as a matter of fact that it was erected for the purpose of safeguarding the motorists, a fact which I refuse to find.

It is contended that under the police power of the State this screen may be erected. Courts have gone far in upholding the police power, but never to the extent demanded here. Unless there is an express right granted by the Legislature to do this act, the court would not be justified by implication in holding that the defendant possessed that power. If this were permitted in one

instance it might be done in every instance where the Superintendent reached the conclusion that a particular type or form of building attracted the attention of motorists and any part of the highway might be screened in the discretion of the Superintendent.

I am greatly in sympathy with the effort to remove obnoxious signs along the public highway, but it is recognized that we cannot prevent their erection on private property and a decision upholding the right of the Superintendent to erect screens would not result in the solution of the problem. With the adoption of the proposed constitutional amendment the problem would be solved, but not otherwise.

The prayer for the relief demanded in the complaint is, therefore, granted.