896

JOSEPH PERLMUTTER and Others, Copartners Doing Business under the Firm Name and Style of PERLMUTTER FURNITURE COMPANY, Respondents, v. FREDERICK STUART GREENE, as Superintendent of Public Works of the State of New York, and Others, Appellants.— Judgment affirmed, with costs. The defendants may not lawfully erect a screen to obscure plaintiffs' sign which is being lawfully erected. If the plaintiffs' sign were to constitute a nuisance or be an otherwise unlawful object, that situation would have to be reached by other means than the avowed purpose of the defendants here to prevent plaintiffs' utilization of their sign by blanketing through the means of a screen the possibility of the wayfarer reading it even though the screen or cover be erected on lands of the State. The purpose of the defendants, if carried out, is to prevent plaintiffs from a lawful use of private property. We do not hold that the State officials may not erect directory signs having a reasonable relation to public travel, even though such a sign tended to obscure in whole or in part an adjacent advertising sign. Young, Kapper and Tompkins, JJ., concur; Lazansky, P. J., and Hagarty, J,. dissent. [140 Misc. 42.]

ELLA L. PETERSON, Appellant, v. ANDREW McALLISTER and MARY F. McALLISTER, Sued as "MARY" McALLISTER, the Name "Mary" Being Fictitious, the True First Name of Said Defendant Being Unknown to Plaintiff, Respondents.— Amended judgment, in so far as appealed from, reversed on the law and a new trial granted, costs to abide the event. The learned Special Term dismissed the complaint at the close of plaintiff's evidence upon the sole ground that the alleged easement, not having been conveyed by a deed or conveyance in writing, etc., was void. This ruling was erroneous. As the alleged agreement had been fully performed by both parties, that statute█ had no application, and the trial court should have passed upon the question of fact, as to whether the parties to the parol agreement intended that plaintiff should have an easement over the driveway in question, or a mere license, which license defendant was entitled to and did revoke. Young, Hagarty and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes to affirm on the following ground: Without reference to the alleged oral arrangement, the acts of plaintiff and the use of the road are as consistent with the grant of a revocable license as they are with the grant of an easement. In such case the Statute of Frauds is a good defense to the claim of easement. Kapper, J., dissents on the ground stated by Lazansky, P. J., and on the further ground that the so-called easement does not run with the land and a subsequent purchaser without record notice cannot be bound by the oral arrangement with the predecessor in title.

HELEN M. POPE, as Trustee, Appellant, v. SUNRISE NASH Co., INC., Respondent.— Order of the County Court of Suffolk county setting aside the verdict and directing a new trial reversed on the law and the facts, with costs, and motion denied, with costs, on condition that the plaintiff stipulate that the verdict be reduced to $500, in which event the verdict is reinstated for that amount. If plaintiff fails to make such stipulation, the order is unanimously affirmed, with costs. In our opinion, a verdict in plaintiff's favor was sustained by the greater weight of evidence, and it should not have been set aside. The damages, however, are excessive and should be reduced to $500. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.